UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HENGPO C.,

    Plaintiff(s),

v.

MARTIN O'MALLEY,

    Defendant(s).

Case No. 2:23-cv-01961-NJK

**ORDER**

[Docket No. 17]

Pending before the Court is a stipulation to award Plaintiff $5,300 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as $402 in costs pursuant to 28 U.S.C. § 1920. Docket No. 17.

Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award. *See, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *1-3 (S.D. Cal. Oct. 4, 2021); *Atunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017); *Keyser v. Astrue*, 2012 WL 78461, at *3 (D. Ore. Jan. 10, 2012); *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999).[1] Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Supporting the hourly rate for lodestar

---

[1] Plaintiff resists judicial oversight despite seeking judicial approval of the fee request. *See* Docket No. 17-1 at 13-15. While Plaintiff notes an unpublished Ninth Circuit order, *see id.* at 13, the duty to review an unopposed fee request is consistent with published Ninth Circuit authority, *see Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992); *see also Gwarduri v. I.N.S.*, 362 F.3d 1144, 1147 (9th Cir. 2004), as well as the governing rules, *see* Local Rule 7-2(d). Moreover, the Court is unpersuaded by Plaintiff's citation to Supreme Court precedent. The Supreme Court has indeed indicated that in "many cases parties are able to resolve by stipulation a claim for fees under the EAJA." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990). But the Supreme Court also explained in that same decision that "no award of fees is 'automatic'" and that "a district court *will always retain substantial discretion in fixing the amount of an EAJA award*. Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Id.* at 163 (emphasis added)). This precedent plainly does not foreclose judicial review of the reasonableness of a stipulated fee award. *See, e.g.*, *Bradley V.*, 2021 WL 4554108, at *2-3.

purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the prevailing rates.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The attorneys here seek to recover at an hourly rate of $244.62.  A declaration attests that Attorney Marc Kalagian has 34 years of social security lawyering experience and that Attorney Monica Perales has ten years of social security lawyering experience.  Docket No. 17-1 at ¶ 3.  The Court will allow the rate sought as to Attorney Kalagian given rate determinations for his services in other social security cases in this District.  *See Michelin v. Kijakazi*, No. 2:23-cv-0547-NJK, Docket No. 17 (D. Nev. Oct. 26, 2023).  The Court will allow the rate sought as to Attorney Perales given rate determinations for attorneys of comparable experience in other social security cases in this District.  *See Goodman v. Kijakazi*, 2022 WL 18034370, at *2 (D. Nev. Dec. 13, 2022) (awarding similar rate for attorney with ten years of experience).  With respect to the paralegal rates, an insufficient showing has been made that a reasonable rate in this forum for similar paralegal work would be $179 per hour.  Nonetheless, the adjustment that would be made for the paralegal rate does not put the total amount of reasonable fees below the amount sought in this case.  *See* Docket No. 17-1 at 13 (reflecting total fee amount of $5,814.52).  Lastly, the hours documented as expended on this matter appear to be reasonable.  Docket No. 17-2 at 1-2.

Accordingly, the Court **GRANTS** the stipulation to award Plaintiff $5,300 in attorneys' fees pursuant to the EAJA, as well as $402 in costs pursuant to 28 U.S.C. § 1920.

IT IS SO ORDERED

Dated: July 1, 2024

_____
Nancy J. Koppe
United States Magistrate Judge