**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENGPO CHENG, | Case No. 2:23-cv-01961-NJK |
| Plaintiff, | |
| | **ORDER** |
| v. | [Docket No. 20] |
| FRANK BISIGNANO,[1] | |
| Defendant. | |

Pending before the Court is Plaintiff's counsel's motion for attorney's fees. Docket No. 20. Defendant filed a response neither supporting nor opposing the motion. Docket No. 21.

**I.    BACKGROUND**

On April 1, 2024, the Court granted the stipulation to remand for further administrative proceedings. Docket No. 15. On remand, the Commissioner granted Plaintiff's application and awarded $84,096 in past due benefits. *See* Docket No. 20 at 16; *see also* Docket No. 20-3. Counsel is requesting an award of attorney's fees for a total of $21,024 under the contingency fee contract with a credit to Plaintiff for the EAJA fees previously paid in the amount of $5,300. *Id.* at 1-2.

**II.    DISCUSSION**

"When a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 46 U.S.C. § 406(b)(1)(A).

In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See, e.g., Garcia v. Astrue*, 500 F.Supp.2d 1239,

---

[1] Frank Bisignano is now Commissioner of Social Security. A "[public] officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Accordingly, the Clerk's Office is **INSTRUCTED** to substitute Frank Bisignano in place of Kilolo Kijakazi. *See* Docket.

1242 (C.D. Cal. 2007). If so, the Court must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Nonetheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted). The Court's review of the amount of attorney's fees is meant as "an independent check" to ensure that the agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

Here, counsel's request complies with Section 406(b) and the *Gisbrecht* factors. The Court finds, after considering the nature of the representation, the result achieved, and the reasonableness of the time expended and hourly rates, the fee requested is appropriately awarded.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion for attorney's fees. A fee award in the amount of $21,024 is to be paid to the Law Offices of Lawrence D. Rohlfing, Inc. The Rohlfing firm must refund EAJA fees of $5,300.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge